UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICHARD IRVING BECKMAN AND KARI ANN BECKMAN )<br><br>Plaintiffs, )<br><br>V. )<br><br>REGINA CAELI, INC. a/k/a REGINA CAELI ACADEMY AND FATHER AUGUSTINE TRAN )<br><br>Defendants. ) | Civil Action No. 2:23-CV-00034<br><br>*Electronically Filed* |

**PLAINTIFFS' RESPONSE TO
DEFENDANT REGINA CAELI, INC. A/K/A REGINA CAELI ACADEMY'S
MOTION TO DISMISS AMENDED COMPLAINT AND BRIEF IN SUPPORT**

NOW COME Plaintiffs Richard Irving Beckman ("Rich") and Kari Ann Beckman ("Kari") (collectively, the "Beckmans"; "Plaintiffs") and file this response to the *Motion to Dismiss Amended Complaint and Brief in Support* (Doc. No 27, and referred to herein as the "Motion") filed by Defendant Regina Caeli, Inc. a/k/a Regina Caeli Academy ("RCA"), and in support hereof would respectfully show the Court the following:

**I. SUMMARY**

The Court should deny the Motion on the following grounds:

- This Court has personal jurisdiction over RCA because minimum contacts exist between RCA and the State of Texas, and Plaintiffs' causes of action against RCA arise from those forum-related contacts. *See Command-Aire Corp. v. Ontario Mechanical Sales and Service, Inc.*, 963 F.2d 90, 94 (5th Cir. 1992) (emphasis added) (noting that "[e]ven a *single*, substantial act directed towards the forum can support specific jurisdiction[]").

- Plaintiffs' causes of actions against RCA are well-pleaded and pass 12(b)(6) muster. "[The C]ourt must accept all well-pleaded facts as true and view them in the light most favorable to the [P]laintiff[s]." *Albright v. Oliver*, 510 U.S. 266 (1994). "[T]he court may not look beyond the pleadings in ruling on the [12(b)(6)] motion." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

## II. ARGUMENT AND AUTHORITY

### A. The Court Possesses Personal Jurisdiction over RCA

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. *Id*.

This due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Two types of personal jurisdiction are recognized: (1) specific and (2) general. Specific jurisdiction exists when the cause of action relates to or arises out of the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 1872 n.8, 80 L. Ed. 2d 404 (1984). Specific jurisdiction is proper where the nonresident defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) (citations omitted). In determining specific jurisdiction, the Fifth Circuit applies a three-step analysis:

> (1)   whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;

> (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
>
> (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Pension Advisory Grp., Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 692 (S.D. Tex. 2011) (quotations omitted) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). "As the Fifth Circuit has recognized, '[e]ven a single, substantial act directed towards the forum can support specific jurisdiction.'" *Id.* at 693 (quoting *Command-Aire Corp. v. Ontario Mechanical Sales and Service, Inc.*, 963 F.2d 90, 94 (5th Cir. 1992)).

Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum. *See Helicopteros*, 104 S. Ct. at 1872-73. "[T]he continuous corporate operations within a state [must be] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 230 (5th Cir. 2012) (quotations omitted) (quoting *Int'l Shoe*, 66 S. Ct. at 159).

The party seeking to establish jurisdiction bears the burden of presenting a prima facie case of personal jurisdiction. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999). Proof by a preponderance of the evidence is not required. *Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). A plaintiff may present a prima facie case by producing admissible evidence that, if believed, would suffice to establish the existence of personal jurisdiction. *See WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits and other documentation must be construed in the plaintiff's favor. *See Alpine View*, 205 F.3d at 215. "If, however, 'there are conflicts between some of the facts alleged by the plaintiffs and those

alleged by the defendants in their affidavits, such conflicts must be resolved in plaintiff(s') favor for the purposes of determining whether a prima facie case for in personam jurisdiction has been established." *Guidry*, 188 F.3d at 626 (citations omitted).

Plaintiffs assert that the Court has general jurisdiction over RCA because it maintains five (5) campuses in the State of Texas – more than any other state – the majority of RCA's Executive Officers reside in Texas, and at least three current or former Directors reside in Texas. (*See* Doc. No. 21, Plaintiffs First-Amended Complaint ("Amended Complaint") at ¶ 5 (noting the majority of the Board of Directors reside in Texas)). Alternatively, Plaintiffs assert that the Court has specific personal jurisdiction over RCA because RCA has minimum contacts with the State of Texas from which Plaintiffs' causes of action arise, RCA has purposefully directed its activities or availed itself to the benefits of the State of Texas, and the Court's exercise of personal jurisdiction over RCA is fair and reasonable. *See id*.

Specifically, Plaintiffs assert in the Amended Complaint that in January 2021, RCA approved the purchase of 575 acres in Winona, Texas for a new project called Veritatis Splendor ("VS"). (*See* Amended Complaint at ¶¶ 27-37). RCA appointed the Beckmans to lead the project development, to reside in the existing lodge on the property while doing so, and authorized the use of a business vehicle to travel and market the project. *See id.* For their efforts, RCA offered a lot in the VS community to the Beckmans, which they purchased while residing in Texas. During this time, Kari continued to serve as RCA's Executive Director and Rich continued to serve as RCA's President and Chairman of the Board. (*See* Amended Complaint at ¶¶ 20-21; 27-37). The Beckmans conducted RCA business from Winona, Texas, during this time and maintained RCA business records on site in Winona, Texas. (*See* Amended Complaint at ¶¶ 27-37).

Following Kari's inappropriate relationship, Fr. Tran provided spiritual guidance in his

capacity *as Chaplain for RCA* and priest of the Ardchdiocese of Atlanta – initially in the form of telephonic counseling sessions and later in person when Fr. Tran personally travelled to Winona, Texas to administer Kari the Sacrament of Reconciliation under the Seal of Confession. (*See* Amended Complaint at ¶ 42).

Furthermore, Plaintiffs assert that in October 2021, many of the RCA Executive Officers conspired against the Beckmans in their capacities *as RCA Officers* to have Kari terminated and incited other current and former employees and associates to publicly attack Kari while she was on medical leave of absence. (*See* Amended Complaint at ¶ 47-65). Following Kari's termination the same RCA Officers residing in Texas continued to harm the Beckmans by interfering with Kari's ability to participate in her children's education and attend school functions, both in Dallas and Atlanta. (*See* Amended Complaint at ¶ 66-68).

Plaintiffs further assert that in December 2022, while residing in Port O'Connor, Texas, RCA corresponded with the Beckmans via email alleging that during their employment with RCA, the Beckmans had received excess benefits under Section 4958 of the Internal Revenue Code of 1986 while leading the VS project development. (*See* Amended Complaint at ¶¶ 72-83). Among these alleged excess benefits was the sale price of the Texas realty the Beckmans purchased in the VS community in Winona, Texas, which was offered to the Beckmans in recognition for their efforts in managing and marketing the VS property for RCA. (*See id.*).

The Fifth Circuit recognizes that "[e]ven a *single*, substantial act directed towards the forum can support specific jurisdiction." *Command-Aire Corp. v. Ontario Mechanical Sales and Service, Inc.*, 963 F.2d 90, 94 (5th Cir. 1992) (emphasis added); *see also Bounty-Full Entm't v. Forever Blue Entm't Grp.*, 923 F. Supp. 950, 958 (S.D. Tex. 1996) (finding that the sending of a single letter constituted sufficient minimum contacts for purposes of specific personal

jurisdiction).

Based on the foregoing, RCA has minimum contacts with the State of Texas, Plaintiffs' causes of action arise out of those forum-related contacts, and this Court's exercise of personal jurisdiction over RCA is fair and reasonable. Plaintiffs request the Court deny RCA's 12(b)(2) motion to dismiss for lack of personal jurisdiction.

**B.     Plaintiffs' Causes of Action Against RCA are Sufficiently Pleaded and Should Not be Dismissed**

A Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). "In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Albright v. Oliver*, 510 U.S. 266 (1994); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Partridge v. Two Unknown Police Officers of the City of Houston, Texas*, 791 F.2d 1182, 1185-86 (5th Cir. 1986); *Conley v. Gibson* 355 U.S. 41, 45-46 (1957).

A 12(b)(6) motion is distinct from a summary-judgment motion. *J & J Mfg. v. Logan*, 24 F. Supp. 2d 692, 695 (E.D. Tex. 1998). "[T]he court may not look beyond the pleadings in ruling on the [12(b)(6)] motion." *Baker*, 75 F.3d at 196. "[I]n ruling on the Rule 12(b)(6) motion before this Court, the matters presented that are outside the well-pled allegations of the parties shall be ignored." *Logan*, 24 F. Supp. 2d at 695-96.

**i.     Plaintiffs Object to RCA's Attempt to Introduce Evidence in Support of the Motion**

RCA attaches three (3) exhibits to its Motion, to which Plaintiffs object based on the foregoing authority supporting the well-settled view that the Court may not look beyond the pleadings when considering such motions. *See id.* at 696 ("[I]n ruling on the Rule 12(b)(6) motion before this Court, the matters presented that are outside the well-pled allegations of the parties

shall be ignored.").

   ii. **RCA's Grounds for Dismissal of Plaintiffs' Claims for Relief Require Evidentiary Findings that are Improper on a 12(b)(6) Motion to Dismiss**

RCA seeks to dismiss Plaintiffs' defamation claims by introducing evidence and seeking preliminary rulings on evidentiary defenses—for example, truth and qualified privilege, *see* Motion at ¶¶ 46-56; however, these defenses are fact-based, evidentiary inquiries. *See British Overseas Airways Corp. v. Tours & Travel, Inc.*, 568 S.W.2d 888, 893 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) (emphasis added) ("[T]he defense of qualified privilege is available only if the *evidence* shows that the communication was made in good faith and without malice."); *see also Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 455 (Tex. App.—Dallas 2002, no pet.) (applying *qualified privilege* to allegedly false statements made by mortgage company to various credit bureaus); *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 610 (Tex. App.—San Antonio 2018, pet. denied) (noting that statements contained in public police reports are qualifiedly privileged).

Similarly, RCA requests that the Court dismiss Plaintiffs' copyright-infringement claim because Kari's factual allegations lend themselves to finding an irrevocable nonexclusive implied license. Motion at ¶ 57. This statement, as well as the authority upon which RCA relies, concede that the determination of the existence of a nonexclusive license is an evidentiary-based inquiry, which is inappropriate on a 12(b)(6) motion to dismiss. *See Baker*, 75 F.3d at 196. ("[T]he court may not look beyond the pleadings in ruling on the [12(b)(6)] motion."); *Logan*, 24 F. Supp. 2d at 695-96 ("[I]n ruling on the Rule 12(b)(6) motion before this Court, the matters presented that are outside the well-pled allegations of the parties shall be ignored.").

Additionally, Plaintiffs allege the existence of an enforceable agreement with RCA for their daughter's attendance from RCA's Atlanta center. Plaintiffs further allege RCA breached

that agreement by improperly prohibiting Kari from attending her daughter's graduation and communicating with the families of other RCA students, which caused Plaintiffs injuries. *See* Amended Complaint at ¶¶ 66 and 115-20. Whether this alleged conduct constitutes a material breach of the parties' agreement, the character of Plaintiffs' injuries, and the sum of their damages are all evidentiary issues, the determination of which is improper on a 12(b)(6) motion to dismiss. *See Baker*, 75 F.3d at 196. ("[T]he court may not look beyond the pleadings in ruling on the [12(b)(6)] motion."); *Logan*, 24 F. Supp. 2d at 695-96 ("[I]n ruling on the Rule 12(b)(6) motion before this Court, the matters presented that are outside the well-pled allegations of the parties shall be ignored.").

With regard to Rich's FLSA and breach-of-contract claims, Plaintiffs state that Rich volunteered some of his time after January 2021 to assist in developing the Veritatis Splendor property in Winona, Texas. *See* Amended Complaint at ¶¶ 25-31. RCA misconstrues this limited statement as an admission that Rich's 19-year career with RCA was as a volunteer, which is patently false. Nonetheless, whether Rich was, in fact, a volunteer, employee, executive, or independent contractor are all evidentiary inquiries that are improper on a 12(b)(6) motion to dismiss. *See Baker*, 75 F.3d at 196. ("[T]he court may not look beyond the pleadings in ruling on the [12(b)(6)] motion."); *Logan*, 24 F. Supp. 2d at 695-96 ("[I]n ruling on the Rule 12(b)(6) motion before this Court, the matters presented that are outside the well-pled allegations of the parties shall be ignored.").

### iii. Plaintiffs Object to RCA's Reliance on Rule 12(b)(6) to Request a Preliminary Finding on an Issue of Law

Under the guise of a 12(b)(6) motion to dismiss, RCA attempts to obtain preliminary findings on discrete issues of law and fact without requesting dismissal, which is an improper use of Rule 12(b)(6). *See Logan*, 24 F. Supp. 2d at 695-96.

Specifically, RCA seeks to obtain a ruling that Georgia law applies to Plaintiffs' breach-of-contract claim. RCA does not request dismissal of any claim pursuant to this argument; rather, RCA requests a preliminary finding on the choice of law, which is an improper use of Rule 12(b)(6).

### iv. RCA Misconstrues Plaintiffs' Request for Declaratory Relief

Plaintiffs allege RCA intentionally or negligently made false statements regarding excess benefits and additional compensation Plaintiffs allegedly received in the 2021 tax year. *See* First-Amended Complaint at ¶¶ 72-87.

Plaintiffs request the Court issue a declaratory judgment construing the parties' employment agreements in a manner negating RCA's excess benefit claims vis-à-vis Rich, RCA's additional compensation claims vis-à-vis Kari, and declaring Rich was an employee, not an independent contractor, during his 19-year tenure with RCA. *See id*.

Additionally, Section 7434 of the Internal Revenue Code allows Plaintiffs to pursue civil damages against RCA. "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." IRC § 7434. *See also Angelopoulos v. Keystone Orthopedic Specialists, S.C.,* 2015 U.S. Dist. LEXIS 63789 (N.D. Ill. May 15, 2015). Therefore, no basis exists for the Court to dismiss Plaintiffs' declaratory judgment claims and the court should deny the Motion.

These claims do not render this action an IRS tax case, as contemplated by the authority upon which RCA relies. Plaintiffs have not named the IRS as a defendant in this action, nor do Plaintiffs assert any wrongdoing on the part of the IRS. Likewise, Plaintiffs do not seek to avoid or evade any administrative remedies provided for in the Internal Revenue Code. Therefore, no basis exists for the Court to dismiss Plaintiffs' declaratory-judgment claims. Accordingly, the

Court should deny RCA's Motion to Dismiss.

## III.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court deny the Motion and grant Plaintiffs all other and further relief at law and in equity to which Plaintiffs may demonstrate themselves entitled.

<div style="margin-left:50%">

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**
1200 Smith Street, 14th Floor
Houston, Texas 7002
Telephone: (713) 658-1818
Facsimile (713) 658-2553

*/s/ Juan F. Vasquez, Jr.*

JUAN F. VASQUEZ, JR.
juan.vasquez@chamberlainlaw.com
Texas Bar No. 24033294
Southern District No. 2982

DAVID M. MEDINA
david.medina@chamberlainlaw.com
Texas Bar No. 88
Southern District No. 2609723

STUART H. CLEMENTS
stuart.clements@chamberlainlaw.com
Texas Bar No. 24087315
Southern District No. 3005543

SCOTT MCCARTY
scott.mccarty@chamberlainlaw.com
Texas Bar No. 24094826

*Counsel for Plaintiffs*

</div>

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served on all counsel of record on June 13, 2023 as follows.

| | |
|---|---|
| Bradley E. Chambers<br>Texas Bar No. 24001860<br>Federal ID No. 22008<br>Kimberly A. Chojnacki<br>Texas Bar No. 24068696<br>Federal ID No. 2078408<br>BAKER DONELSON<br>1301 McKinney Street, Suite 3700<br>Houston, Texas 77010<br>Telephone: (713) 650-9700<br>Facsimile: (713) 650-9701<br>bchambers@bakerdonelson.com<br>kchojnacki@bakerdonelson.com<br><br>Counsel for Defendant RCA | J. Daniel Harkins<br>Attorney-In-Charge<br>Texas State Bar No. 09008990<br>TXSD No. 13009<br>Katherine (Katina) A. Zampas<br>Texas State Bar No. 24104456<br>TXSD No. 3836072<br>DYKEMA GOSSETT PLLC<br>112 East Pecan Street, Suite 1800<br>San Antonio, Texas 78205<br>Telephone: (210) 554-5500<br>Facsimile: (210) 226-8395<br>dharkins@dykema.com<br>kzampas@dykema.com<br><br>Counsel for Defendant Fr. Tran |

                                                             */s/ Scott E. McCarty*
                                                             Scott E. McCarty

30897785.v3