UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RICHARD IRVING BECKMAN AND KARI ANN BECKMAN<br><br>    Plaintiffs,<br><br>V.<br><br>REGINA CAELI, INC. a/k/a REGINA CAELI ACADEMY AND FATHER AUGUSTINE TRAN<br><br>    Defendants. | Civil Action No. 2:23-CV-00034<br><br>*Electronically Filed* |

PLAINTIFFS' RESPONSE TO
DEFENDANT FR. TRAN'S FIRST AMENDED
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO TRANSFER VENUE AND JOINDER IN RCA'S MOTION TO DISMISS

NOW COME Plaintiffs Richard Irving Beckman ("Rich") and Kari Ann Beckman ("Kari") (collectively, the "Beckmans"; "Plaintiffs") and file this response to the *First Amended Motion to Dismiss or, in the alternative, Motion to Transfer Venue and Joinder in RCA's Motion to Dismiss* (Doc. No 26, and referred to herein as the "Motion") filed by Father Augustine Tran ("Fr. Tran"), and in support hereof would respectfully show the Court the following:

**I.    SUMMARY**

The Court should deny the Motion on the following grounds:

- The Court possesses personal jurisdiction over Fr. Tran based on the uncontroverted allegations in the Plaintiffs' Amended Complaint, which the Court must take as true. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

- The Court possesses subject-matter jurisdiction over this action. The Court can adjudicate this case under secular, neutral legal principles that do not require the Court to resolve any religious controversies or delve into the matters of internal church governance. Therefore, dismissal is not warranted pursuant to the ecclesiastical abstention doctrine. *See Shannon v. Mem'l Drive Presbyterian Church United States*, 476 S.W.3d 612, 622 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("A court may interpret church documents under

- neutral principles of law when it can do so in purely secular terms without relying on religious precepts in resolving the conflict.").

- Venue is proper in the Southern District of Texas because, but for Fr. Tran's disclosure of Kari's confidential information at a meeting of RCA's Board of Directors, the Beckmans' employment with RCA would not have been severed and RCA would have no grounds to issue to the Beckmans' erroneous amended tax documents. *See Bounty-Full Entm't v. Forever Blue Entm't Grp.*, 923 F. Supp. 950, 958 (S.D. Tex. 1996) (finding venue proper under 28 U.S.C. § 1391(b)(2) because "the letter in question constitutes a substantial part of the events giving rise to this lawsuit.").

- Fr. Tran has not met the heavy burden of transferring venue for the convenience of the parties. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1191 (2007). ("A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.")

- Plaintiffs' causes of action against Fr. Tran pass 12(b)(6) muster and should not be dismissed.

## II. ARGUMENT AND AUTHORITY

### A. The Court Possesses Personal Jurisdiction over Fr. Tran

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. *Id*.

This due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Two types of personal jurisdiction are recognized: (1) specific and (2) general. Specific jurisdiction exists when the cause of action relates to or arises

out of the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 1872 n.8, 80 L. Ed. 2d 404 (1984). Specific jurisdiction is proper where the nonresident defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) (citations omitted). Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum. *See Helicopteros*, 104 S. Ct. at 1872-73.

The party seeking to establish jurisdiction bears the burden of presenting a prima facie case of personal jurisdiction. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999). Proof by a preponderance of the evidence is not required. *Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). A plaintiff may present a prima facie case by producing admissible evidence that, if believed, would suffice to establish the existence of personal jurisdiction. *See WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits and other documentation must be construed in the plaintiff's favor. *See Alpine View*, 205 F.3d at 215. "If, however, 'there are conflicts between some of the facts alleged by the plaintiffs and those alleged by the defendants in their affidavits, such conflicts must be resolved in plaintiff(s') favor for the purposes of determining whether a prima facie case for in personam jurisdiction has been established." *Guidry*, 188 F.3d at 626 (citations omitted).

Plaintiffs allege the Court has general jurisdiction over Fr. Tran based on the following:

- Fr. Tran maintains RCA's IT and in doing so assists in RCA's internet efforts at recruiting students to RCA's Texas campuses.

- Fr. Tran frequently travels to the State of Texas to visit RCA's campuses for speaking engagements, meetings, graduations, conferences, and to provide spiritual guidance to RCA's staff and students.

- Fr. Tran frequently travels to the Pious House in Tyler, Texas, and based on knowledge and belief, intends to relocate to Tyler, Texas, to lead the Pious House's Oratorian.

- Fr. Tran knowingly counseled the Plaintiffs over the telephone and in person while the Plaintiffs resided in Texas.

*See* Amended Complaint at ¶ 6.

While purportedly controverting these allegations in his declaration attached as Exhibit A to the Motion (the "Declaration"), a close examination of this declaration reveals that it fails to specifically deny any of the foregoing jurisdictional allegations. Fr. Tran does not specifically deny that he maintains RCA's IT and in doing so assists in RCA's internet efforts at recruiting students to RCA's Texas campuses. Nor does Fr. Tran deny that he frequently travels to the State of Texas for professional events. In fact, Fr. Tran's testimony is consistent with Plaintiffs' jurisdictional allegations in that Fr. Tran states that since October 2020, he has visited the State of Texas in a professional capacity. *See* Declaration at ¶ 12.

Plaintiffs additionally assert this Court's specific jurisdiction over Fr. Tran based on his providing spiritual guidance to the Beckmans in the form of telephonic counseling sessions while they resided in Winona, Texas, and later personally travelling to Winona, Texas to administer to Kari the Sacrament of Reconciliation under the Seal of Confession. Fr. Tran admits that he visited the Beckmans in Winona, Texas, and he fails to deny his participation in the telephonic counseling sessions or his administering to Kari the Sacrament of Reconciliation under the Seal of Confession. *See* Declaration at ¶ 11.

The Court must take the uncontroverted allegations in the Plaintiffs' Amended Complaint as true and construe conflicting facts in Plaintiffs' favor. *See Alpine View*, 205 F.3d at 215. Based

on the foregoing, the Court should refuse to dismiss Plaintiffs' suit against Fr. Tran on the basis of lack of personal jurisdiction.

**B.     The Court Should Not Dismiss this Case Pursuant to the Ecclesiastical Abstention Doctrine**

The ecclesiastical abstention doctrine arises from the Free Exercise Clause of the First Amendment and provides that the First Amendment prohibits civil courts from exercising jurisdiction over matters concerning "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them." *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713-14 (1976); *see also Jennison v. Prasifka*, 391 S.W.3d 660, 664-65 (Tex. App.—Dallas 2013, no pet.).

However, the Texas Supreme Court has also recognized that "[w]hile Article I, Section 6 of the Texas Constitution and the First Amendment to the United States Constitution afford broad protection to the free exercise of religion, they do not necessarily bar all claims which may touch on religious conduct." *Tilton v. Marshall*, 925 S.W.2d 672, 677 (Tex. 1996). The Free Exercise Clause does not protect actions in violation of social duties or are subversive to good order. *Id.*; *see also Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 12 (Tex. 2008) ("[R]eligious practices that threaten the public's health, safety, or general welfare cannot be tolerated as protected religious belief."). "[C]ourts do have jurisdiction to review matters involving civil, contract, or property rights even though they stem from a church controversy." *Lacy v. Bassett*, 132 S.W.3d 119, 123 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (*citing Dean v. Alford*, 994 S.W.2d 392, 395 (Tex. App.—Fort Worth 1999, no pet.).

"In determining whether the ecclesiastical abstention doctrine applies, courts must analyze whether a particular dispute is 'ecclesiastical' or simply a civil law controversy in which church officials happen to be involved." *Shannon v. Mem'l Drive Presbyterian Church United States*, 476

S.W.3d 612, 622 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Tran*, 934 S.W.2d at 743). "A court may interpret church documents under neutral principles of law when it can do so in purely secular terms without relying on religious precepts in resolving the conflict." *Shannon*, 476 S.W.3d at 622 (*citing Hawkins v. Friendship Missionary Baptist Church*, 69 S.W.3d 756, 759 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

Regina Caeli, Inc. a/k/a Regina Caeli Academy ("RCA") is a non-profit corporation formed under the laws of the State of Georgia. RCA operates educational institutions on campuses throughout the United States, including five (5) campuses in Texas. No formal or informal affiliation exists between RCA and the Catholic Church. Fr. Tran is an employee, corporate officer, and member of the board of directors of RCA, as well its chaplain.

Given the foregoing uncontested facts, application of the ecclesiastical abstention doctrine is inappropriate here. Fr. Tran seeks to conflate RCA, a Georgia non-profit corporation, with the Catholic Church, despite no affiliation existing between the two – a fact Fr. Tran concedes in his Declaration. *See* Declaration at ¶ 5. Simply stated, RCA is not a church and its code of conduct, despite being informed by the teachings of the Catholic Church, does not implicate the disciplinary process of the Catholic Church. In this respect, Fr. Tran's reliance on *Westbrook v. Penley*, 231 S.W.3d 389, 397 (Tex. 2007), is misguided because *Westbrook* required the court intrude on the internal disciplinary process of a *church* – not the code of conduct of a non-profit corporation with no formal affiliation to the Catholic Church.

The crux of Plaintiffs' complaint arises from Fr. Tran's wrongful, self-interested disclosure of Kari's private, confidential, and protected information to RCA—a private, non-profit corporation. All Plaintiffs' claims against Fr. Tran can be interpreted under secular, neutral legal

principles and do not require the Court to resolve any religious controversies or delve into the matters of internal church governance. This is simply a civil law controversy in which a priest happens to be involved and does not rise to a level that justifies dismissal pursuant to the ecclesiastical abstention doctrine.

**C.     Venue is Proper in the Southern District of Texas**

Subsection (b)(2) of the general venue statute, 28 U.S.C. § 1391, provides that a civil action may be brought in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" There may "be more than one proper venue for a certain cause of action." *Seariver Mar. Fin. Holdings v. Pena*, 952 F. Supp. 455, 458-59 (S.D. Tex. 1996). Additionally, "[a] court is not obliged to determine the 'best' venue for a cause of action pending before it, but rather must determine only whether or not its venue is proper." *Id*.

Venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district. 28 U.S.C. § 1391. Port O'Connor, Texas – the city in which the Beckmans reside – is situated within the Southern District of Texas. RCA issued a 2021 Form 1099-MISC and amended 2021 Form W-2, erroneously alleging that the Beckmans received additional compensation income and engaged in an excess benefit transaction during 2021. RCA issued the 2021 Form 1099-MISC and amended 2021 Form W-2 to the Beckmans and notified them via e-mail at their home in Port O'Connor, Texas. The 2021 Form 1099-MISC and amended 2021 Form W-2 constitute a substantial part of the events giving rise to this lawsuit. *See Bounty-Full Entm't v. Forever Blue Entm't Grp.*, 923 F. Supp. 950, 958 (S.D. Tex. 1996) (finding venue proper under 28 U.S.C. § 1391(b)(2) because "the letter in question constitutes a substantial part of the events giving rise to this lawsuit.").

But for Fr. Tran's professional negligence in revealing confidential information to staff, Officers, and members of RCA's Board of Directors, Plaintiffs contend their employment with

RCA would not have been severed and the foregoing erroneous tax documents would not have been issued. Furthermore, the Beckmans would not have been forced to temporarily relocate back to Georgia in order for their daughter to graduate high school, but for the foregoing professional negligence.

    i.    **The Court Should Not Transfer this Case to the Northern District of Georgia**

"A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1191 (2007). "A forum non conveniens dismissal must be based on the finding that, when weighed against the plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate, and available alternative forum." *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1356 (S.D. Tex. 1995) (citation omitted). Defendants bear the burden of persuasion as to all the elements of the forum non conveniens analysis. *In re Air Crash Disaster Near New Orleans, LA. on July 9, 1982*, 821 F.2d 1147, 1164 (5th Cir. 1987) (en banc), *vacated sub nom. Pan Am World Airways, Inc. v. Lopez*, 490 U.S. 1032, 104 L. Ed. 2d 400, 109 S. Ct. 1928 (1989), *and reinstated save as to damages sub original nom.*, 883 F.2d 17 (5th Cir. 1989). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).

Fr. Tran cannot satisfy this heavy burden because he fails to present any analysis as to the relevant public and private interests in favor of facts in favor of a specific, adequate, available alternative forum. Furthermore, approximately twelve potential witnesses reside in the state of Texas, making the Southern District a much more convenient venue for this case. In contrast, the Beckmans are aware of up to only three potential witnesses residing in the Northern District of Georgia. Accordingly, the Court should refuse to transfer this case to the Northern District of Georgia.

**D.     Plaintiffs' Causes of Action Against Fr. Tran are Sufficiently Pleaded and Should Not be Dismissed**

Fr. Tran alleges that Plaintiffs' fraud, negligent misrepresentation, and professional negligence claims fail on two grounds: (1) it was Rich, not Fr. Tran, that disclosed the existence of Kari's inappropriate relationship; and (2) Plaintiffs fail to specify what confidential information Fr. Tran allegedly disclosed. Both these grounds are based on unreasonable readings of the Amended Complaint and are without merit.

Plaintiffs do not allege as the basis for any of its allegations Fr. Tran's disclosure of the existence of the affair. Plaintiffs concede that Rich, at the direction of RCA's religious liberty attorneys, disclosed the existence of the affair to RCA's Board of Directors and certain RCA Officers. However, Plaintiffs assert that during a meeting of RCA's Board of Directors occurring on October 31, 2021, Fr. Tran inappropriately revealed details of the confidential conversations Kari and Fr. Tran had during her mental health crisis in an apparent effort to influence the Board of Directors, stating in summary: "I know I told you during our phone call that you had not ruined everything, but now I think you have." In the same meeting, Fr. Tran accused Kari of not being repentant after hearing her confession approximately one week prior. Fr. Tran reiterated his accusations in an email he sent to Kari on November 2, 2021. At or around this time, Fr. Tran publicly referred to Kari as a narcissist, despite having no training or experience as a mental health professional, and encouraged others to disassociate themselves from Kari—including two of Kari and Rich's own children. *See* Amended Complaint at ¶ 51.

Fr. Tran's subsequent disclosure of confidential information and allegations of narcissism and lack of repentance uniquely damaged the Beckmans, notwithstanding prior disclosure of Kari's inappropriate relationship, and further exacerbated Kari's diagnoses of Complex Post-Traumatic Stress Disorder and Complex Grief. But for Fr. Tran's and RCA's actions, Kari may

have more completely recovered by now.

Based on the foregoing, the Court should refuse to dismiss any of Plaintiffs' causes of actions pleaded against Fr. Tran on 12(b)(6) grounds.

## III. CONCLUSION

This Court possesses personal jurisdiction over Fr. Tran and subject-matter jurisdiction over this matter. Additionally, venue is proper in the Southern District of Texas and the causes of action as pleaded against Fr. Tran in Plaintiffs' Amended Complaint pass the muster of Rule 12(b)(6). Based on the foregoing, Plaintiffs respectfully request the Court deny the Motion and grant Plaintiffs all other and further relief at law and in equity to which Plaintiffs may demonstrate themselves entitled.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**
1200 Smith Street, 14th Floor
Houston, Texas 7002
Telephone: (713) 658-1818
Facsimile (713) 658-2553

*/s/ Juan F. Vasquez, Jr.*

JUAN F. VASQUEZ, JR.
juan.vasquez@chamberlainlaw.com
Texas Bar No. 24033294
Southern District No. 2982

DAVID M. MEDINA
david.medina@chamberlainlaw.com
Texas Bar No. 88
Southern District No. 2609723

STUART H. CLEMENTS
stuart.clements@chamberlainlaw.com
Texas Bar No. 24087315
Southern District No. 3005543

SCOTT MCCARTY
scott.mccarty@chamberlainlaw.com
Texas Bar No. 24094826


*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on June 13, 2023 as follows.

| | |
|---|---|
| Bradley E. Chambers<br>Texas Bar No. 24001860<br>Federal ID No. 22008<br>Kimberly A. Chojnacki<br>Texas Bar No. 24068696<br>Federal ID No. 2078408<br>BAKER DONELSON<br>1301 McKinney Street, Suite 3700<br>Houston, Texas 77010<br>Telephone: (713) 650-9700<br>Facsimile: (713) 650-9701<br>bchambers@bakerdonelson.com<br>kchojnacki@bakerdonelson.com<br><br>Counsel for Defendant RCA | J. Daniel Harkins<br>Attorney-In-Charge<br>Texas State Bar No. 09008990<br>TXSD No. 13009<br>Katherine (Katina) A. Zampas<br>Texas State Bar No. 24104456<br>TXSD No. 3836072<br>DYKEMA GOSSETT PLLC<br>112 East Pecan Street, Suite 1800<br>San Antonio, Texas 78205<br>Telephone: (210) 554-5500<br>Facsimile: (210) 226-8395<br>dharkins@dykema.com<br>kzampas@dykema.com<br><br>Counsel for Defendant Fr. Tran |

*/s/ Scott E. McCarty*
Scott E. McCarty

30896295.v4