UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICHARD IRVING BECKMAN AND KARI ANN BECKMAN | ) ) ) | |
| Plaintiffs, | ) ) | |
| V. | ) ) | Civil Action No. 2:23-CV-00034 |
| REGINA CAELI, INC. a/k/a REGINA CAELI ACADEMY AND FATHER AUGUSTINE TRAN | ) ) ) ) ) | *Electronically Filed* |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO
DEFENDANT ROMAN CATHOLIC ARCHDIOCESE OF ATLANTA, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER
VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

NOW COME Plaintiffs Richard Irving Beckman ("Rich") and Kari Ann Beckman ("Kari") (collectively, the "Beckmans"; "Plaintiffs") and file this response to the *Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue or, in the Alternative, Motion to Transfer Venue* (Doc. No 33, and referred to herein as the "Motion") filed by the Roman Catholic Archdiocese of Atlanta, Inc. (the "Archdiocese"), and in support hereof respectfully shows the Court the following:

### I. SUMMARY

The Court should deny the Motion on the following grounds:

- The Court possesses personal jurisdiction over Fr. Tran based on the uncontroverted allegations in the Plaintiffs' Amended Complaint, which the Court must take as true. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

- The Court likewise possesses personal jurisdiction over the Archdiocese by and through the actions of its agent, Fr. Tran, who was an employee and priest within the Archdiocese at all relevant times. *See Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018) ("A defendant may be subject to personal jurisdiction because of the activities of its

agent within the forum state"); *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) ("[T]he actions of an agent may establish minimum contacts over a principal[.]").

- Venue is proper in the Southern District of Texas because, but for Fr. Tran's disclosure of Kari's confidential information at a meeting of RCA's Board of Directors, the Beckmans' employment with RCA would not have been severed and RCA would have no grounds to issue to the Beckmans' erroneous amended tax documents. *See Bounty-Full Entm't v. Forever Blue Entm't Grp.*, 923 F. Supp. 950, 958 (S.D. Tex. 1996) (finding venue proper under 28 U.S.C. § 1391(b)(2) because "the letter in question constitutes a substantial part of the events giving rise to this lawsuit.").

- The Archdiocese has not met the heavy burden of transferring venue for the convenience of the parties. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1191 (2007). ("A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.")

## II.    ARGUMENT AND AUTHORITY

**A.    The Court Possesses Personal Jurisdiction over Fr. Tran**

A federal court may exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. *Id*.

This due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Two types of personal jurisdiction are recognized: (1) specific and (2) general. Specific jurisdiction exists when the cause of action relates to or arises out of the defendant's contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 1872 n.8, 80 L. Ed. 2d 404 (1984). Specific jurisdiction is

proper where the nonresident defendant has "'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King v. Rudzewicz*, 471 U.S. 462, 105 S. Ct. 2174, 2182, 85 L. Ed. 2d 528 (1985) (citations omitted). Alternatively, general jurisdiction may be exercised over a defendant who has systematic and continuous contacts with the forum. *See Helicopteros*, 104 S. Ct. at 1872-73.

The party seeking to establish jurisdiction bears the burden of presenting a prima facie case of personal jurisdiction. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999). Proof by a preponderance of the evidence is not required. *Kelly v. Syria Shell Petro. Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000). A plaintiff may present a prima facie case by producing admissible evidence that, if believed, would suffice to establish the existence of personal jurisdiction. *See WNS, Inc. v. Farrow*, 884 F.2d 200, 203-04 (5th Cir. 1989). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits and other documentation must be construed in the plaintiff's favor. *See Alpine View*, 205 F.3d at 215. "If, however, 'there are conflicts between some of the facts alleged by the plaintiffs and those alleged by the defendants in their affidavits, such conflicts must be resolved in plaintiff(s') favor for the purposes of determining whether a prima facie case for in personam jurisdiction has been established." *Guidry*, 188 F.3d at 626 (citations omitted).

Plaintiffs allege the Court has general jurisdiction over Fr. Tran based on the following:

- Fr. Tran maintains RCA's IT and in doing so assists in RCA's internet efforts at recruiting students to RCA's Texas campuses.

- Fr. Tran frequently travels to the State of Texas to visit RCA's campuses for speaking engagements, meetings, graduations, conferences, and to provide spiritual guidance to RCA's staff and students.

- Fr. Tran frequently travels to the Pious House in Tyler, Texas, and based on knowledge and belief, intends to relocate to Tyler, Texas, to lead the Pious House's Oratorian.

- Fr. Tran knowingly counseled the Plaintiffs over the telephone and in person while the Plaintiffs resided in Texas.

*See* Amended Complaint at ¶ 6.

While purportedly controverting these allegations in his declaration attached as Exhibit A to the *Defendant Father Augustine Tran's First Amended Motion to Dismiss or, in the Alternative, Motion to Transfer Venue and Joinder in RCA's Motion to Dismiss* (Doc. No. 26, Ex. A, hereinafter, the "Declaration"), a close examination of this declaration reveals that it fails to specifically deny any of the foregoing jurisdictional allegations. Fr. Tran does not specifically deny that he maintains RCA's IT and in doing so assists in RCA's internet efforts at recruiting students to RCA's Texas campuses. Nor does Fr. Tran deny that he frequently travels to the State of Texas for professional events. In fact, Fr. Tran's testimony is consistent with Plaintiffs' jurisdictional allegations in that Fr. Tran states that since October 2020, he has visited the State of Texas in a professional capacity. *See* Declaration at ¶ 12.

Plaintiffs additionally assert this Court's specific jurisdiction over Fr. Tran based on his providing spiritual guidance to the Beckmans in the form of telephonic counseling sessions while they resided in Winona, Texas, and later personally traveling to Winona, Texas to administer to Kari the Sacrament of Reconciliation under the Seal of Confession. Fr. Tran admits that he visited the Beckmans in Winona, Texas, and he fails to deny his participation in the telephonic counseling sessions or his administering to Kari the Sacrament of Reconciliation under the Seal of Confession. *See* Declaration at ¶ 11.

The Court must take the uncontroverted allegations in the Plaintiffs' Amended Complaint as true and construe conflicting facts in Plaintiffs' favor. *See Alpine View*, 205 F.3d at 215. Based

on the foregoing, the Court should refuse to dismiss Plaintiffs' suit against Fr. Tran on the basis of lack of personal jurisdiction.

**B.      The Court likewise Possesses Personal Jurisdiction over the Archdiocese**

Courts regularly attribute contacts made by the agent to the principal when determining personal jurisdiction. *See e.g. Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 490 (5th Cir. 2018) ("A defendant may be subject to personal jurisdiction because of the activities of its agent within the forum state"); *McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) ("[T]he actions of an agent may establish minimum contacts over a principal[.]").

Plaintiffs allege that "[a]t all relevant times, Fr. Tran, as a priest of the Archdiocese of Atlanta, acted as agent of the Archdiocese of Atlanta, possessing either actual or apparent authority to act on behalf of the Archdiocese of Atlanta or having his tortious conduct subsequently ratified by the Archdiocese of Atlanta." Amended Complaint at ¶ 7.

Importantly, the Archdiocese does not contest Plaintiffs' allegations that Fr. Tran, in his capacity as priest within the Archdiocese, provided spiritual counseling to the Beckmans while they resided in Texas and subsequently traveled in person to Winona, Texas to "further counsel the Beckmans and administer the Sacrament of Reconciliation for Kari under the Seal of Confession." Amended Complaint at ¶¶ 6 and 42.

The foregoing facts and authority establish this Court's personal jurisdiction over the Archdiocese based on the actions of its employee and priest, Fr. Tran.

**C.      Venue is Proper in the Southern District of Texas**

Subsection (b)(2) of the general venue statute, 28 U.S.C. § 1391, provides that a civil action may be brought in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" There may "be more than one proper venue for a certain cause of action." *Seariver Mar. Fin. Holdings v. Pena*, 952 F. Supp. 455, 458-59 (S.D. Tex. 1996).

Additionally, "[a] court is not obliged to determine the 'best' venue for a cause of action pending before it, but rather must determine only whether or not its venue is proper." *Id*.

Venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district. 28 U.S.C. § 1391. Port O'Connor, Texas – the city in which the Beckmans reside – is situated within the Southern District of Texas. RCA issued a 2021 Form 1099-MISC and amended 2021 Form W-2, erroneously alleging that the Beckmans received additional compensation income and engaged in an excess benefit transaction during 2021. RCA issued the 2021 Form 1099-MISC and amended 2021 Form W-2 to the Beckmans and notified them via e-mail at their home in Port O'Connor, Texas. The 2021 Form 1099-MISC and amended 2021 Form W-2 constitute a substantial part of the events giving rise to this lawsuit. *See Bounty-Full Entm't v. Forever Blue Entm't Grp.*, 923 F. Supp. 950, 958 (S.D. Tex. 1996) (finding venue proper under 28 U.S.C. § 1391(b)(2) because "the letter in question constitutes a substantial part of the events giving rise to this lawsuit.").

But for Fr. Tran's professional negligence in revealing confidential information to staff, Officers, and members of RCA's Board of Directors, Plaintiffs contend their employment with RCA would not have been severed and the foregoing erroneous tax documents would not have been issued. Furthermore, the Beckmans would not have been forced to temporarily relocate back to Georgia in order for their daughter to graduate high school, but for the foregoing professional negligence.

    **i.    The Court Should Not Transfer this Case to the Northern District of Georgia**

"A defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430, 127 S. Ct. 1184, 1191 (2007). "A forum non conveniens dismissal must be based on the finding that, when weighed against the plaintiff's choice of forum, the relevant public and private interests

strongly favor a specific, adequate, and available alternative forum." *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1356 (S.D. Tex. 1995) (citation omitted). Defendants bear the burden of persuasion as to all the elements of the forum non conveniens analysis. *In re Air Crash Disaster Near New Orleans, LA. on July 9, 1982*, 821 F.2d 1147, 1164 (5th Cir. 1987) (en banc), *vacated sub nom. Pan Am World Airways, Inc. v. Lopez*, 490 U.S. 1032, 104 L. Ed. 2d 400, 109 S. Ct. 1928 (1989), *and reinstated save as to damages sub original nom.*, 883 F.2d 17 (5th Cir. 1989). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843 (1947).

The Archdiocese cannot satisfy this heavy burden because it fails to present any analysis as to the relevant public and private interests in favor of facts in favor of a specific, adequate, available alternative forum. Furthermore, approximately twelve potential witnesses reside in the state of Texas, making the Southern District a much more convenient venue for this case. In contrast, the Beckmans are aware of up to only three potential witnesses residing in the Northern District of Georgia. Accordingly, the Court should refuse to transfer this case to the Northern District of Georgia.

### III. CONCLUSION

This Court possesses personal jurisdiction over the Archdiocese by and through the actions of its agent, Fr. Tran. Additionally, venue is proper in the Southern District of Texas. Based on the foregoing, Plaintiffs respectfully request the Court deny the Motion and grant Plaintiffs all other and further relief at law and in equity to which Plaintiffs may demonstrate themselves entitled.

       Respectfully submitted,

       **CHAMBERLAIN, HRDLICKA, WHITE,**
       **WILLIAMS & AUGHTRY, P.C.**
       1200 Smith Street, 14th Floor
       Houston, Texas 7002
       Telephone: (713) 658-1818
       Facsimile (713) 658-2553

       */s/ Stuart H. Clements*

       JUAN F. VASQUEZ, JR.
       juan.vasquez@chamberlainlaw.com
       Texas Bar No. 24033294
       Southern District No. 2982

       DAVID M. MEDINA
       david.medina@chamberlainlaw.com
       Texas Bar No. 88
       Southern District No. 2609723

       STUART H. CLEMENTS
       stuart.clements@chamberlainlaw.com
       Texas Bar No. 24087315
       Southern District No. 3005543

       SCOTT MCCARTY
       scott.mccarty@chamberlainlaw.com
       Texas Bar No. 24094826

       *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was served on all counsel of record on July 11, 2023 as follows.

Bradley E. Chambers
Texas Bar No. 24001860
Federal ID No. 22008
Kimberly A. Chojnacki
Texas Bar No. 24068696
Federal ID No. 2078408
BAKER DONELSON
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701
bchambers@bakerdonelson.com
kchojnacki@bakerdonelson.com

Counsel for Defendant RCA

Keith B. Sieczkowski
Emily K. Arnold
BRANSCOMB PLLC
802 N. Carancahua, Suite 2300
Corpus Christi, Texas 78401-0036
Telephone: (361) 886-3800
Facsimile: (361) 886-3805

AND

Matthew William Clarke
Sasha N. Greenberg
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street NE
Atlanta, Georgia 30309-3592
(404) 815-3500
(404) 685-7067 (Facsimile)

**Attorneys for the Archdiocese of Atlanta, Inc.**

J. Daniel Harkins
Attorney-In-Charge
Texas State Bar No. 09008990
TXSD No. 13009
Katherine (Katina) A. Zampas
Texas State Bar No. 24104456
TXSD No. 3836072
DYKEMA GOSSETT PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395
dharkins@dykema.com
kzampas@dykema.com

Counsel for Defendant Fr. Tran

        */s/ Stuart H. Clements*
        Stuart H. Clements