**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| RICHARD IRVING BECKMAN AND KARI ANN BECKMAN )<br>)<br>Plaintiffs,  )<br>)<br>V.  )<br>)<br>REGINA CAELI, INC. a/k/a REGINA CAELI ACADEMY AND FATHER AUGUSTINE TRAN )<br>)<br>)<br>)<br>Defendants.  ) | Civil Action No. 2:23-CV-00034<br><br>*Electronically Filed* |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT ROMAN CATHOLIC ARCHDIOCESE OF ATLANTA, INC.'S**
**MOTION TO DISMISS FOR**
**LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

NOW COME Plaintiffs Richard Irving Beckman ("Rich") and Kari Ann Beckman ("Kari") (collectively, the "Beckmans"; "Plaintiffs") and file this response to the *Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim* (Doc. No 32, and referred to herein as the "Motion") filed by the Roman Catholic Archdiocese of Atlanta, Inc. (the "Archdiocese"), and in support hereof respectfully shows the Court the following:

**I.    SUMMARY**

The Court should deny the Motion on the following grounds:

- The ecclesiastical abstention doctrine does not warrant divestiture of the Court's subject-matter jurisdiction over Plaintiffs' claims against Fr. Tran or the Archdiocese.

- Plaintiffs have adequately pleaded justiciable causes of action against Fr. Tran and the Archdiocese, which the Court should not dismiss.

II.     ARGUMENT AND AUTHORITY

A.   **Adjudicating Plaintiffs' Claims Against the Archdiocese Does Not Require the Court to Resolve Church Controversy Sufficient to Dismiss this Action on Ecclesiastical-Abstention Grounds**

The ecclesiastical abstention doctrine arises from the Free Exercise Clause of the First Amendment and provides that the First Amendment prohibits civil courts from exercising jurisdiction over matters concerning "theological controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them." *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713-14 (1976); *see also Jennison v. Prasifka*, 391 S.W.3d 660, 664-65 (Tex. App.—Dallas 2013, no pet.).

However, the Texas Supreme Court has also recognized that "[w]hile Article I, Section 6 of the Texas Constitution and the First Amendment to the United States Constitution afford broad protection to the free exercise of religion, they do not necessarily bar all claims which may touch on religious conduct." *Tilton v. Marshall*, 925 S.W.2d 672, 677 (Tex. 1996). The Free Exercise Clause does not protect actions in violation of social duties or are subversive to good order. *Id.*; *see also Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 12 (Tex. 2008) ("[R]eligious practices that threaten the public's health, safety, or general welfare cannot be tolerated as protected religious belief."). "[C]ourts do have jurisdiction to review matters involving civil, contract, or property rights even though they stem from a church controversy." *Lacy v. Bassett*, 132 S.W.3d 119, 123 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (*citing Dean v. Alford*, 994 S.W.2d 392, 395 (Tex. App.—Fort Worth 1999, no pet.).

"In determining whether the ecclesiastical abstention doctrine applies, courts must analyze whether a particular dispute is 'ecclesiastical' or simply a civil law controversy in which church officials happen to be involved." *Shannon v. Mem'l Drive Presbyterian Church United States*, 476

S.W.3d 612, 622 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Tran*, 934 S.W.2d at 743). "A court may interpret church documents under neutral principles of law when it can do so in purely secular terms without relying on religious precepts in resolving the conflict." *Shannon*, 476 S.W.3d at 622 (*citing Hawkins v. Friendship Missionary Baptist Church*, 69 S.W.3d 756, 759 (Tex. App.—Houston [14th Dist.] 2002, no pet.)).

Plaintiffs' complaints against Fr. Tran and the Archdiocese arise from Fr. Tran's wrongful, self-interested disclosure of Kari's private, confidential, and protected information to Regina Caeli, Inc. a/k/a Regina Caeli Academy ("RCA"), a non-profit corporation. All Plaintiffs' claims against Fr. Tran and the Archdiocese can be interpreted under secular, neutral legal principles and do not require the Court to resolve any religious controversies or delve into the matters of internal church governance. This is simply a civil law controversy in which a priest happens to be involved and does not rise to a level that justifies dismissal pursuant to the ecclesiastical abstention doctrine.

**B.     Plaintiffs Plead Sufficient Facts to Maintain All Causes of Action Pleaded Against Fr. Tran and the Archdiocese**

"Under the common-law doctrine of respondeat superior, or vicarious liability, 'liability for one person's fault may be imputed to another who is himself entirely without fault solely because of the relationship between them.'" *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018), *reh'g denied* 2018 Tex. LEXIS 1257, (Dec. 14, 2018) (quoting *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 540 (Tex. 2002)). An employer is vicariously liable for its employee's negligence if "at the time of the negligent conduct, the worker (1) was an employee and (2) was acting in the course and scope of his employment." *Id*. at 131 (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)).

"To hold an employer liable for the actions of its employee, a claimant must prove (1) an agency relationship existed between the employee [] and the employer []; (2) the employee

committed a tort; and (3) the tort was in the course and scope of the employee's authority." *Prim v. Stein*, 6 F.4th 584, 592 (5th Cir. 2021).

Plaintiffs seek to hold Fr. Tran liable for negligence. (Amended Complaint at ¶ 123-25). Plaintiffs allege Fr. Tran had a duty to exercise ordinary care and act as a spiritual counselor of reasonable and ordinary prudence. (*Id.*) Plaintiffs allege Fr. Tran breached this duty by either (a) failing to provide "proper, adequate, safe, and confidential counseling services, advice, statements, and representations to and for the Beckmans[;]" (b) negligently making "misrepresentations and statements to and about the Beckmans including his defamatory declaration that Kari is a narcissist[;]" or (c) negligently engaging in other inappropriate conduct and comments with his counseling services, advice, statements, and representations to, for, and about the Beckmans." (*Id.* at ¶ 123).

Plaintiffs specifically allege that Fr. Tran, in his capacity as priest within the Archdiocese, provided spiritual counseling to the Beckmans while they resided in Texas and subsequently travelled in person to Winona, Texas to "further counsel the Beckmans and administer the Sacrament of Reconciliation for Kari under the Seal of Confession." (*Id.* at ¶¶ 6 and 42).

Plaintiffs further allege that "[a]t all times relevant to this cause of action, Fr. Tran was an employee with the Archdiocese of Atlanta and was acting in the course and scope of his employment[.]" (*Id.* at ¶ 124).

The Archdiocese argues that the foregoing claim should be dismissed because Plaintiffs' concede that it was Rich, not Fr. Tran, who disclosed the existence of Kari's inappropriate relationship; however, this argument misconstrues Plaintiffs' claim.

Plaintiffs do not allege as the basis for any of its allegations Fr. Tran's disclosure of the existence of the affair. Plaintiffs concede that Rich, at the direction of RCA's religious liberty attorneys, disclosed the existence of the affair to RCA's Board of Directors and certain RCA

Officers. However, Plaintiffs assert that during a meeting of RCA's Board of Directors occurring on October 31, 2021, Fr. Tran inappropriately revealed details of the confidential conversations Kari and Fr. Tran had during her mental health crisis in an apparent effort to influence the Board of Directors, stating in summary: "I know I told you during our phone call that you had not ruined everything, but now I think you have." In the same meeting, Fr. Tran accused Kari of not being repentant after hearing her confession approximately one week prior. Fr. Tran reiterated his accusations in an email he sent to Kari on November 2, 2021. At or around this time, Fr. Tran publicly referred to Kari as a narcissist, despite having no training or experience as a mental health professional, and encouraged others to disassociate themselves from Kari—including two of Kari and Rich's own children. (*See* Amended Complaint at ¶ 51).

Fr. Tran's subsequent disclosure of confidential information and allegations of narcissism and lack of repentance uniquely damaged the Beckmans, notwithstanding prior disclosure of Kari's inappropriate relationship, and further exacerbated Kari's diagnoses of Complex Post-Traumatic Stress Disorder and Complex Grief.  But for Fr. Tran's and RCA's actions, Kari may have more completely recovered by now.

Based on the foregoing, the Court should refuse to dismiss any of Plaintiffs' causes of actions pleaded against Fr. Tran or the Archdiocese on 12(b)(6) grounds.

### III.   CONCLUSION

This Court possesses subject-matter jurisdiction over this matter, and the Plaintiffs have satisfied all relevant pleading requirements in pursuing claims against Fr. Tran and the Archdiocese. Based on the foregoing, Plaintiffs respectfully request the Court deny the Motion and grant Plaintiffs all other and further relief at law and in equity to which Plaintiffs may demonstrate themselves entitled.

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**
1200 Smith Street, 14th Floor
Houston, Texas 7002
Telephone: (713) 658-1818
Facsimile (713) 658-2553

*/s/ Stuart H. Clements*

JUAN F. VASQUEZ, JR.
juan.vasquez@chamberlainlaw.com
Texas Bar No. 24033294
Southern District No. 2982

DAVID M. MEDINA
david.medina@chamberlainlaw.com
Texas Bar No. 88
Southern District No. 2609723

STUART H. CLEMENTS
stuart.clements@chamberlainlaw.com
Texas Bar No. 24087315
Southern District No. 3005543

SCOTT MCCARTY
scott.mccarty@chamberlainlaw.com
Texas Bar No. 24094826

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on July 11, 2023 as follows.

Bradley E. Chambers
Texas Bar No. 24001860
Federal ID No. 22008
Kimberly A. Chojnacki
Texas Bar No. 24068696
Federal ID No. 2078408
BAKER DONELSON
1301 McKinney Street, Suite 3700
Houston, Texas 77010
Telephone: (713) 650-9700
Facsimile: (713) 650-9701
bchambers@bakerdonelson.com
kchojnacki@bakerdonelson.com

Counsel for Defendant RCA

Keith B. Sieczkowski
Emily K. Arnold
BRANSCOMB PLLC
802 N. Carancahua, Suite 2300
Corpus Christi, Texas 78401-0036
Telephone: (361) 886-3800
Facsimile: (361) 886-3805

AND

Matthew William Clarke
Sasha N. Greenberg
SMITH, GAMBRELL & RUSSELL, LLP
1105 W. Peachtree Street NE
Atlanta, Georgia 30309-3592
(404) 815-3500
(404) 685-7067 (Facsimile)

**Attorneys for the Archdiocese of Atlanta, Inc.**

J. Daniel Harkins
Attorney-In-Charge
Texas State Bar No. 09008990
TXSD No. 13009
Katherine (Katina) A. Zampas
Texas State Bar No. 24104456
TXSD No. 3836072
DYKEMA GOSSETT PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
Facsimile: (210) 226-8395
dharkins@dykema.com
kzampas@dykema.com

Counsel for Defendant Fr. Tran

*/s/ Stuart H. Clements*
Stuart H. Clements

30943677.v3